| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | FILE NO. 11 cv 06350 |

-------------------------------------------------------------X

ROGELIO TORRES,

                      Plaintiff,

- against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT and POLICE OFFICERS " JOHN DOE" 1-3,

                      Defendants.
-------------------------------------------------------------X

CIVIL ACTION

**COMPLAINT**
**JURY DEMAND**

       The Plaintiff, complaining of the Defendants, by his attorneys, THE ORLOW FIRM, respectfully shows to this Court and alleges:

## JURISDICTION

FIRST: That Jurisdiction is founded upon the existence of a Federal Question.

SECOND: That this is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage, of a right, privilege, and immunity secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983) and arising under the law and statutes of the State of New York.

THIRD: Jurisdiction is founded upon U.S.C. § 1343(3) and (4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage, of a right, privilege, and immunity secured to a plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States.

## PARTIES

FOURTH: That the plaintiff is a Citizen of the United States and a resident of the City of New York, County of the New York, State of New York.

FIFTH: Upon information and belief, that at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of The State of New York.

SIXTH: Upon information and belief, that at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, its agents, servants and employees, operated, maintained and controlled the Police Department of The City of New York, including all the police officers thereof.

SEVENTH: Upon information and belief, that at all times hereinafter mentioned, and on or prior to October 2nd, 2010, POLICE OFFICERS "JOHN DOE" 1-3, were employed by defendant, NEW YORK CITY POLICE DEPARTMENT, as police officers.

EIGHTH: This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the State of New York.

NINTH: Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of New York, and under the authority of their office as police officers of said state, city and county.

## PLAINTIFF'S CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983

TENTH: Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked FIRST through NINTH with the same force and effect as if more fully and at length set forth herein.

ELEVENTH: That on or about the 2nd day of October, 2010, at approximately 4:00 P.M., plaintiff, ROGELIO TORRES, was lawfully and properly at or in front of the location known and designated as 205 W. 76th Street, in the County of New York, City and State of New York, at which time and place defendants, POLICE OFFICERS "JOHN DOE" 1-3, then and there was at as part of their regular and official employment as a police officers for the defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT.

TWELVETH: As plaintiff, ROGELIO TORRES, was lawfully and properly thereat, the aforementioned POLICE OFFICERS "JOHN DOE" 1-3, who having the real and apparent ability to cause imminent harmful and offensive bodily contact and the power and authority to arrest and imprison the plaintiff did so threaten these acts upon the plaintiff, who, after continuing his lawful activity, was violently struck by the defendants, POLICE OFFICERS "JOHN DOE" 1-3, on the aforementioned date, time and place.

THIRTEEN: Defendant used such force with the intent to inflict unnecessary harm on the plaintiff, ROGELIO TORRES, and such use of force did cause physical and mental injuries to plaintiff and deprived him of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York.

FOURTEENTH: The defendants, POLICE OFFICERS "JOHN DOE" 1-3, caused an assault and battery when they, in a hostile and/or offensive manner, threatened, touched and beat the plaintiff,

ROGELIO TORRES, without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff, and did arrest plaintiff, all without warrant, probable cause or any lawful cause whatever.

FIFTEENTH: The defendant, the City of New York, it's agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior and performance of the defendants, their agents, servants and employees and in their hiring practices in the exercise of their police functions and, their failure to enforce the laws of the State and City of New York is evidence of the reckless lack of cautious regard for the rights of the public including plaintiff and exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants.

SIXTEENTH: The failure of the defendant, their agents, servants and employees to hire, train, supervise, discipline or in any other way control the defendants, in the exercise of their functions and their failure to enforce the laws of the State of New York and the City of New York was and is carried out wilfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State and City of New York, including plaintiff.

SEVENTEENTH: Due to the acts of the defendant, their agents, servants and employees herein, the failure of the City of New York to discipline and properly hire the defendants and the continued employment of the defendant presented a clear and present danger to the citizens of the City and State of New York.

EIGHTEENTH: That the defendants, their agents, servants and employees permitted the use of policies, written or otherwise, that were violative of the constitutional rights of the above named plaintiff; and, in that each and all of the acts of the defendants, their agents, servants and employees alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of New York, and under the authority of their office as police officers for said city and county.

NINETEENTH: Plaintiff, ROGELIO TORRES, did not commit any crime, either before or at the time he was viciously assaulted and battered and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. § 1983 and the Constitution of the State of New York.

TWENTY: That at all times hereinafter mentioned, the defendants, POLICE OFFICERS "JOHN DOE" 1-3, are employed in their capacity by the defendant THE CITY OF NEW YORK and were acting under the color of their official capacity and their acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the City of New York

TWENTY-FIRST: That at all times hereinafter mentioned, defendants, POLICE OFFICERS "JOHN DOE" 1-3, were acting pursuant to order directives from defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT.

TWENTY-SECOND: That during all times hereinafter mentioned, the defendant police officer,

acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the City of New York and the defendants here, engaged in the illegal conduct here mentioned to the injury of the plaintiff, ROGELIO TORRES, and deprived plaintiff of the rights, privileges and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

TWENTY-THIRD: The Police Officers of the defendant THE CITY OF NEW YORK and its individual members who are agents, servants and employees of defendants, together with persons unknown to plaintiffs, acting under color of law, have subjected plaintiff, ROGELIO TORRES, and other persons to a pattern of conduct consisting of illegal harassment, intimidation, assault and battery, false imprisonments and arrests at the time said persons are lawfully and properly on the public sidewalks in the County of New York, City and State of New York, in denial of rights, privileges and immunities guaranteed plaintiff, ROGELIO TORRES, and other citizens by the Constitution of the United States.

TWENTY-FOURTH: This systematic pattern of conduct consists of a large number of individual acts of violence and intimidation, visited on plaintiff, ROGELIO TORRES, and other citizens by members of the police department of defendant THE CITY OF NEW YORK, acting in concert with persons unknown to plaintiff and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring order.

TWENTY-FIFTH: Although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the defendant THE CITY OF NEW YORK did not take any steps or make any efforts to halt this course of conduct, to make redress to the plaintiff or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

TWENTY-SIXTH: The unlawful and illegal conduct of the defendants, their agents, servants and employees and each of them, deprived Plaintiffs of the following rights, privileges and immunities secured to them by the Constitution of the United States and of the State of New York:

     a) The right of Plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States; and,

     b) The right of Plaintiff to be informed of the nature and cause of the accusation against them as secured to him under the Sixth and Fourteenth Amendments of the Constitution of the United States; and,

     c) The right of Plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

TWENTY-SEVENTH: That by reason of the aforesaid violations, including harassment, intimidation, assault and battery caused by the defendants, their agents, servants and employees who conspired together to enter into a nefarious scheme to wrongfully deprive the plaintiff and compel

him to abandon their rights and privileges as provided to them in the Constitution of the United States of America, and provided in the Constitution of the State of New York, and laws thereto, the defendants, their agents, servants and employees violated 42 U.S.C. § 1983, in that the defendants, their agents, servants and employees acted as persons who under color of any statute, ordinance, regulation, custom or usage of the City of New York, subjected or caused to be subjected, citizens of the United States or other persons within their jurisdiction, particularly the Plaintiff, ROGELIO TORRES, thereof to be deprived of their rights, privileges or immunities received by the Constitution and laws of the United States of America and of the State of New York; Plaintiff was subjected to great indignities and humiliation, and pain and distress of mind and body and were held up to scorn and ridicule, injured in their character and reputation, were prevented from attending his usual business and vocation and was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging plaintiff.

TWENTY-EIGHTH: That by reason of the aforesaid intentional, harassment, intimidation, assault and battery and deprivation of plaintiff's rights and liberties as guaranteed by the aforementioned constitutions, by the defendants, their agents, servants and employees, acting within the scope of their authority, and without any probable or reasonable cause, the Plaintiff, ROGELIO TORRES, suffered great bodily injury in and about his head, neck, back, body and limbs and was rendered sick, sore, lame and disabled, and among other things, he suffered conscious pain and suffering, and that he was otherwise damaged.

TWENTY- NINTH: That as a result of the foregoing violations of Plaintiff's constitutional rights, Plaintiff, ROGELIO TORRES, has been damaged in the sum of $5,000,000.00.

### PLAINTIFF'S SECOND CAUSE OF ACTION FOR NEGLIGENCE AGAINST THE CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT

THIRTY: Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as if more fully and at length set forth herein.

THIRTY- FIRST: That the Defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, their agents, servants and/or employees, disregarded their duty to protect the Plaintiff, ROGELIO TORRES, and failed to prevent the aforesaid Officer from utilizing a form of cruel and unusual punishment on the aforesaid Plaintiff by threatening, assaulting and attacking the Plaintiff, and inflicting serious injuries upon the Plaintiff, and took no action to stop these unlawful acts.

THIRTY-SECOND: Upon information and belief, that at the time and place aforesaid, the Defendants, had actual knowledge and notice of the vicious and dangerous propensities of the Officer who attacked the Plaintiff, ROGELIO TORRES, or the same had existed for sufficient length of time prior to the occurrence herein alleged that the Defendant could and should have had such knowledge and notice.

THIRTY-THIRD: The aforesaid occurrence was caused, concomitantly, with the willful and

intentional and/or negligent acts of the aforesaid agent, servant and/or employee of the Defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, as aforementioned, in that upon information and belief, the Defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, or its agents, knew or should have known, prior to, at, and subsequent to the time when it employed and engaged said employees to wit Defendants POLICE OFFICERS "JOHN DOE" 1-3, that they were persons of mean and vicious temperament, had previously committed assaults and batteries upon other persons without just cause or provocation, and was known by general reputation to be bellicose; or its agents failed and neglected to make any, or appropriate, inquiries with respect to the character, temperament and temper of the aforesaid officer, prior to, at, or subsequent to the time it employed and engaged said agent, servant and/or employee.

THIRTY-FOURTH: That by reason of the aforesaid, the Defendants THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT were negligent in hiring and retaining defendants POLICE OFFICERS "JOHN DOE" 1-3.

THIRTY-FIFTH: That solely and wholly as a result of the negligence of the Defendants as aforesaid, Plaintiff, ROGELIO TORRES, suffered severe and serious injuries and Plaintiff has been informed and believes that he will continue to suffer therefrom for an indefinite time in the future and that some of said injuries are permanent in nature.

THIRTY-SIXTH: That by reason of the negligence of the Defendants as aforesaid, the Plaintiff, ROGELIO TORRES, has been damaged in the sum of $5,000,000.00 Dollars.

### PLAINTIFF'S THIRD CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANTS POLICE OFFICER POLICE OFFICERS "JOHN DOE" 1-3

THIRTY-SEVENTH: Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as if set forth fully herein.

THIRTY-EIGHTH: That Defendants, POLICE OFFICERS "JOHN DOE" 1-3, carelessly, negligently and recklessly inflicted the aforesaid injuries upon the Plaintiff, ROGELIO TORRES, and utterly failed to exercise the necessary amount of care and caution which a reasonable person would have exercised to prevent this foreseeable occurrence.

THIRTY-NINTH: The injuries of the Plaintiff, ROGELIO TORRES, were due solely to the aforesaid negligent, careless and reckless conduct on the part of said Defendant without any negligence on the part of the Plaintiff contributing thereto.

FORTY: By virtue of the aforesaid negligence of Defendants, POLICE OFFICERS "JOHN DOE" 1-3, plaintiff suffered severe and serious injuries as aforesaid.

FORTY-FIRST: That as a result of the foregoing Plaintiff, ROGELIO TORRES, has been damaged in the sum of $5,000,000.00.

## PLAINTIFF'S SIXTH CAUSE OF ACTION FOR FALSE ARREST

FORTY-SECOND: That on or about the 2nd day of October, 2010, the Defendants wrongfully and falsely accused, arrested and imprisoned the plaintiff, ROGELIO TORRES, of crimes.

FORTY-THIRD: That the said arrest and imprisonment was caused by the Defendants, their agents, servants and employees, without any warrant or other legal process and without authority of the law and without any reasonable cause of belief that the Plaintiff was in fact guilty of such crimes.

FORTY-FOURTH: While the plaintiff was so engaged, as aforesaid, the Defendants, their agents, servants and employees, wrongfully and unlawfully, against the Plaintiff's wish, without probable or reasonable cause, and on the sole charge, then made, that Plaintiff was violating the penal law of the State of New York in, arrested and imprisoned the plaintiff and with full force of arms, forcibly and violently seized, and laid hold of and compelled plaintiff to go with the said defendant police officers to be detained and imprisoned in or near premises known and designated as the 20th precinct located in the County of New York, City and State of New York and continuing to other divers places and times, including, but not limited to, Central Booking, located in the County of New York, City and State of New York, where the plaintiff was further detained and imprisoned until she was released on his own recognizance.

FORTY- FIFTH: That the Defendants, their agents, servants and employees, acting within the scope of their authority and within the scope of their employment, detained and imprisoned the Plaintiff even though the Defendants, their agents, servants and employees knew, had the opportunity to know, or should have known, that the allegations against the plaintiff were wrongful, unlawful and without a sufficient basis in fact.

FORTY-SIXTH: That the Plaintiff was wholly innocent of the said criminal charges and did not contribute in any way to the conduct of the Defendants, their agents, servants and employees and was forced by the Defendants to submit to the aforesaid arrest and imprisonment thereto entirely against her will.

FORTY-SEVENTH: That as a result of the aforesaid accusations made by the defendants, their agents, servants and employees acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, the plaintiff was compelled to appear before a Judge of the Criminal Court of the City of New York.

FORTY-EIGHTH: That the defendants, their agents, servants and employees, as set forth on the aforementioned date, time and place, intended to confine the plaintiff; in that the plaintiff was conscious of the confinement; plaintiff did not consent to the confinement; and the confinement was not otherwise privileged.

FORTY-NINTH: That by reason of the false arrest, imprisonment and detention of the plaintiff, plaintiff was subjected to great indignities, humiliation and ridicule, in being so detained, charged and prosecuted with various crimes, and greatly injured in his credit and circumstances and was then and there prevented and hindered from performing and transacting his necessary affairs and business, and was caused to suffer much pain in both mind and body, the loss of employment and

the loss of employment opportunities.

FIFTY: That solely and wholly as a result of the negligence of the Defendants as aforesaid, Plaintiff suffered severe and serious injuries and Plaintiff has been informed and believes that he will continue to suffer therefrom for an indefinite time in the future and that some of said injuries are permanent in nature.

FIFTY-FIRST: That as a result of the foregoing Plaintiff, ROGELIO TORRES, has been damaged in the sum of $5,000,000.00.

## PLAINTIFF'S SEVENTH CAUSE OF ACTION FOR MALICIOUS PROSECUTION

FIFTY-SECOND: Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as if set forth fully herein.

FIFTY-THIRD: That on or about the 2nd day of October, while the plaintiff was lawfully and properly at or in front of 205 W. 76th Street, in the County of New York, City and State of New York, and at subsequent times thereafter, including but not limited to the 20th Precinct, County of New York, City and State of New York, the defendants, their agents, servants and employees maliciously prosecuted and detained plaintiff, ROGELIO TORRES, without any just right or grounds therefor.

FIFTY-FOURTH: That the plaintiff was and is wholly innocent, and was forced by the defendants to submit to court proceedings.

FIFTY-FIFTH: That on or about the 3rd of October 2010, before a Judge of the Criminal Court of the City of New York, the defendants, their agents, servants and employees falsely and maliciously and without probable cause or provocation charged the plaintiff with crimes.

FIFTY-SIXTH: That the Defendant, POLICE OFFICERS "JOHN DOE #1-3", acting in the performance of their employment and within the scope of their authority, testified falsely and withheld vital information before a Judge of the Criminal Court of the City of New York, in the County of New York.

FIFTY-SEVENTH: That upon examination, the said charges were falsely and maliciously made. That on or about January 4, 2011, the District Attorney in the Criminal Court of the County of New York, dropped all the charges against the plaintiff of the crimes with which he was charged.

FIFTY-EIGHTH: That the said prosecution and criminal charges and hearings were instituted and procured by the defendants, their agents, servants and employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever therefore. That the commencement and/or continuation of the criminal proceedings by the defendants against the plaintiff was without probable cause, with actual malice and was terminated in favor of the plaintiff.

FIFTY-NINTH: That by reason of the aforesaid unlawful and malicious prosecution, the plaintiff was deprived of his liberty, was subjected to great indignity, humiliation, pain and great distress of

mind and body and was held up to scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual business and avocation, was injured in her reputation in the community and the said plaintiff has been otherwise damaged.

SIXTY: That by reason of the negligence of the Defendants as aforesaid, the Plaintiff has been damaged That as a result of the foregoing Plaintiff, ROGELIO TORRES, has been damaged in the sum of $5,000,000.00.

### PLAINTIFF'S FOURTH CAUSE OF ACTION FOR ASSAULT

SIXTY-FIRST: Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as if set forth fully herein.

SIXTY-SECOND: That the defendants, POLICE OFFICERS "JOHN DOE" 1-3, intentionally caused Plaintiff, ROGELIO TORRES, to experience a reasonable apprehension that an immediate harmful and offensive contact would be applied to his person.

SIXTY-THIRD: By virtue of the aforesaid intentional acts of this defendant, the plaintiff, ROGELIO TORRES, suffered severe and serious injuries as aforesaid.

SIXTY-FOURTH: That as a result of the foregoing Plaintiff, ROGELIO TORRES, has been damaged in the sum of $5,000,000.00.

### PLAINTIFF'S FIFTH CAUSE OF ACTION FOR BATTERY

SIXTY-FIFTH: Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as if set forth fully herein.

SIXTY-SIXTH: That the defendants, POLICE OFFICERS "JOHN DOE" 1-3, intentionally caused a harmful and offensive contact to be applied to the person of the Plaintiff, ROGELIO TORRES.

SIXTY-SEVENTH: By virtue of the aforesaid intentional acts of this defendant, the Plaintiff, ROGELIO TORRES, suffered severe and serious injuries as aforesaid.

SIXTY-EIGHTH: That as a result of the foregoing plaintiff has been damaged in the sum of $5,000,000.00.

SIXTY-NINTH: That heretofore, on November 5, 2010, a Verified Notice of Claim was duly served upon the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

SEVENTY: That said Notice of Claim was duly served upon the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, within ninety (90) days after the causes of action of the Plaintiff(s) accrued.

SEVENTY-FIRST: That more than thirty (30) days have elapsed since the service of said Verified Notice of Claim upon the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

SEVENTY-SECOND: That the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claims of the Plaintiff herein.

SEVENTY-THIRD: That on June 7, 2011, Plaintiff, ROGELIO TORRES, submitted to a inquiry concerning the justness of his claim.

SEVENTY-FOURTH: That this action has been commenced within one (1) year and ninety (90) days after the causes of action of Plaintiff accrued.

SEVENTY-FIFTH: That the Plaintiff has duly complied with all the conditions precedent to the commencement of this action.

SEVENTY-SIXTH: That this action falls within one or more of the exceptions enumerated in Art 16 of the CPLR.

WHEREFORE, by reason of the aforesaid, the Plaintiff requests the following relief:

    a) Compensatory damages in the sum of TWENTY FIVE MILLION ($30,000,000.00) DOLLARS;

    b) Punitive damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS;

    c) An award of reasonable attorney's fees, costs and disbursements;

    d) Plaintiff requests a trial by jury of all issues involved in this complaint;

    e) Such other and further relief as this Court may deem just, equitable and proper under the circumstances.

Dated: Flushing, New York
      August 29, 2011

THE ORLOW FIRM
By: Steven S. Orlow
Attorney for Plaintiff
71-18 Main Street
Flushing, NY 11367
(718)544-4100